UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHAMEL WRIGHT,

          *Plaintiff,*

-against-

ROWLAND POTTER, *et al*,

          *Defendants.*

**STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)**

14-CV-1041

DNH/TWD

---

  IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for plaintiff Shamel Wright and defendants Sgt. Rowland Potter and Sgt. Michael Barkman, parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

  1.  Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, plaintiff discontinues this action with prejudice and without damages, costs, interest, or attorneys' fees, under the conditions described in Paragraph 5 of this agreement, as against defendants Sgt. Rowland Potter and Sgt. Michael Barkman, and discharges and releases defendants Sgt. Rowland Potter and Sgt. Michael Barkman and the State of New York, including its agencies, subdivisions, employees, private

contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, which relates to an incident on August 30, 2013, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claims against the defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

2. This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

3. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

4. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

5. Following the execution of this stipulation, and it being ordered by the Court, defendants shall pay to plaintiff the sum of Three Thousand Dollars ($3,000.00) in full settlement of any and all claims. The check shall be made payable directly to Plaintiff "Shamel Wright" and mailed

to 1 Grove Place, 1st Floor, Schenectady New York 12307. The above amount shall constitute all sums to which Plaintiff is entitled, including but not limited to damages, costs, and attorney's fees.

6. Payment of the amount specified in paragraph 5 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law, and upon plaintiff's signing and returning a "Standard Voucher" which will be mailed to him by agents of the defendants responsible for the administrative processing of the settlement paperwork.

7. Payment of the amount referenced in paragraph 5 will be made within one hundred and twenty (120) days after the approval of this stipulation by the Court and receipt by defendant's counsel of a copy of the so-ordered stipulation, unless the provisions of Chapter 62 of the Laws of 2001 apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

8. In the event that the terms of paragraph 6 are satisfied, but payment is not made within the 120 day period set forth in paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to plaintiff.

9. This stipulation shall be null and void if the approvals referred to in paragraph 6 are not obtained, and these actions shall then be placed back on the active docket without prejudice.

10. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months.

11. The foregoing constitutes the entire agreement of the parties.

Dated: Utica, New York
 4/11, 2017

_____
Zachary C. Oren
Law Office of Zachary C. Oren, Esq.
Attorney for Plaintiff
401 Rutger Street
Utica, NY 13501
570-441-8818

Dated: Utica, New York
 4/11, 2017

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for the Defendants
The Capitol
Albany, New York 12224-0341

By: _____
Oriana Carravetta
Assistant Attorney General, of Counsel
Bar Roll No. 519351
Telephone: 518-776-2610
Email: oriana.carravetta@ag.ny.gov

IT IS SO ORDERED:

_____
David N. Hurd
United States District Judge

Dated: April 12, 2017
_____
Utica, NY